UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM ASBURY,** | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-04-1497** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **THOMAS LAVAN, et al.,** | : | |
| **Respondents** | : | |

## MEMORANDUM and ORDER

**I.   Introduction.**

Petitioner, William Asbury, an inmate at the State Correctional Institution in Dallas, Pennsylvania, commenced this pro se action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254.  (Doc. 1.)   In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), an Order was issued advising Petitioner that he could: (1) have the document ruled on as filed, or (2) withdraw his petition and file one, all-inclusive § 2254 petition.  (Doc. 3.)  Petitioner responded by submitting a Notice of Election in which he opted to have his petition considered as filed.  A show cause order was issued, the Government filed a timely response and a memorandum in opposition to the petition, and Petitioner did not file a traverse.  The petition is now ripe for disposition.  For the reasons that follow, the petition will be denied.

**II.   Background.**

The following background has been extracted from the Pennsylvania Superior Court opinion addressing Petitioner's collateral appeal pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, et seq., (Doc. 11, Part 1, at 15, Opinion of the Pennsylvania Superior Court dated September 18, 2002.)

> On the afternoon of March 20, 1995, [Petitioner] went to Canton Area Elementary School to pick up his children from school. When he arrived, school officials informed him that his wife had obtained a Protection from Abuse (PFA) Order preventing him from taking the children. [Petitioner] drove to the Canton Borough Police [Station] in order to ask for assistance in getting his children. Police officers told him that they could not help him.
>
> As [Petitioner] left the police station, he noticed his wife driving in front of him and followed her to the elementary school where she was headed to pick up the children. She confronted him once they pulled into the school parking lot. After she got back in her car, [Petitioner] punched out the driver side window and attacked her with a pocket knife. He then entered the car through the passenger side door and repeatedly slashed her throat. A bystander intervened to stop the attack.
>
> Police later arrested [Petitioner] and charged him with, inter alia, attempted homicide, aggravated assault, and possession of a weapon on school property. The district attorney's office offered him a plea bargain, whereby he would plead guilty to aggravated assault in exchange for a minimum sentence of ten years' imprisonment and having all other charges dropped. Appellant decided to reject the plea after discussing it with trial counsel. Although he admitted stabbing his wife, he hoped to avoid a sentence under the sentencing guideline for aggravated assault in which serious bodily harm resulted.
>
> The judge convicted appellant after a non-jury trial in which he stipulated to the facts offered by the Commonwealth. At the sentencing hearing, the victim's treating surgeon testified that she suffered three serious wounds to her neck, which caused nerve damage and scarring. As a result, the judge concluded that [Petitioner] caused the victim serious bodily injury. On May 13, 1996, the judge imposed the maximum sentence of ten (10) to twenty (20) years' imprisonment for aggravated assault and a term of two and one-half (2 ½) to five (5) years for possession of a weapon on school property.
>
> [Petitioner] filed a direct appeal, and [the Pennsylvania Superior Court] affirmed the judgment of sentence on November 27, 1997. [Allocatur was subsequently denied.]

(Doc. 11, Part 1, at 15-17, Opinion of the Pennsylvania Superior Court dated September 18, 2002.)

On October 2, 1998, Petitioner filed a pro se PCRA petition. The court appointed PCRA counsel, and counsel filed an amended PCRA petition on November 20, 1998. After a hearing, the

2

trial court denied the amended petition. On September 18, 2001, the Pennsylvania Superior Court affirmed the trial court's order, and the Pennsylvania Supreme Court denied allocatur on September 17, 2003. The instant petition ensued, raising the following grounds for relief:

1. Plea counsel was ineffective for advising Petitioner to reject a plea offer;

2. Plea counsel was ineffective for failing to raise an insanity defense;

3. Petitioner's waiver of a jury trial was not knowingly and voluntarily made;

4. Sentencing counsel was ineffective for failing to raise plea counsel's prior ineffectiveness;

5. Appellate counsel was ineffective for failing to raise trial counsel's prior ineffectiveness;

6. Trial Court imposed an excessive sentence.

(Doc. 1 at 9-11.)

Respondent states that issues three through six are unexhausted and/or procedurally defaulted, and that issues one and two are without merit.

### III. Discussion.

#### A. Exhaustion of State Court Remedies and Procedural Default.

Petitioner filed the present petition pursuant to the provisions of 28 U.S.C. § 2254. Under § 2254 (b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted** unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1) (emphasis added). "An applicant shall not be deemed to have exhausted the remedies available in the court of the State, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). It is well-settled that a state

3

prisoner must present his federal constitutional issues to the highest court of the state before he can present the issues through federal habeas corpus. 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-20 (1982).

Of the six grounds raised in the instant petition, issue number 1 (ineffective assistance of plea counsel in advising rejection of plea) and issue number 2 (ineffective assistance of plea counsel in failing to raise insanity defense) are the only issues fairly presented in Petitioner's state court actions. Although Petitioner raised three issues in his direct appeal, none of those issues are presented in the instant petition.[1] In the amended PCRA petition, the following issues were raised:

> 1. Whether trial counsel was ineffective in advising the Petitioner to reject a proposed plea offer in light of the fact that counsel failed to adequately research and explain to the defendant that the victim had suffered serious bodily injury, and that counsel advised him to waive jury trial and undergo a hearing solely on the issue of whether serious bodily injury was attempted or caused;
>
> 2. Whether trial counsel was ineffective in failing to inform the

---

[1]In his direct appeal, Petitioner raised the following issues:

1. [Whether] the sentencing court's maximum upward departure from the guidelines [was] unreasonable under 42 Pa.C.S. § 9781(c), manifestly excessive, or [] otherwise an abuse of discretion;

2. [Whether] Petitioner's due process rights [were] violated by the imposition of multiple punishments for a single criminal act; and

3. [Whether] the sentence of the court violat[ed] the norms of the sentencing process by imposing consecutive statutory maximum periods of incarceration for identical conduct despite the state's policy against double punishment. (Doc. 11, part 3 at 10-11 and 19.)

Although issue 1 (excessive sentence) was also raised in the instant petition, the issue was raised as a state law claim in the direct appeal and not as a federal Constitutional issue.

4

>defense psychologist of the defendant's physical condition and
>prescription medications at the time of the offense, and by failing to
>present an insanity defense;
>
>3. Whether the Petitioner waived jury trial and stipulated to the facts
>of the offense knowingly, voluntarily and intelligently in light of the
>ineffective assistance of counsel he received;
>
>4. Whether sentencing counsel was ineffective in failing to be
>prepared for the pre-sentence hearing and in failing to raise claims of
>ineffective assistance of counsel;
>
>5. Whether appellate counsel was ineffective in failing to raise
>meritorious issues, including ineffective assistance of counsel, during
>the direct appeal;
>
>6. Whether PCRA counsel was ineffective in failing to subpeona
>sentencing and appellate counsel to the PCRA hearing in order to
>establish meritorious claims of ineffective assistance of counsel at the
>sentencing hearing; and
>
>7. Whether [Petitioner] is entitled to a new trial under the [PCRA]
>based on the instances of ineffectiveness described herein. (Doc. 11,
>Part 1 at 30.)

Nevertheless, of the seven issues presented in the amended PCRA, five were omitted from the appeal. In the Concise Statement of Matters Complained of included with Petitioner's PCRA appeal to the Pennsylvania Superior Court, he raised the following issues:

>1. [Petitioner] alleges that trial counsel failed in his duty to
>communicate not only the terms of the plea offer but the relative
>merits thereof; and
>
>2. [Petitioner] alleges that trial counsel rendered ineffective assistance
>of counsel in failing to pursue an insanity defense. (Doc. 11, Part 1 at
>58.)

Accordingly, the Pennsylvania Superior Court properly deemed all but two of Petitioner's seven PCRA issues waived on appeal, and the Court did not address the merits of the waived claims. Thus, Petitioner has failed to exhaust state court remedies for issues three through six of the instant petition.

As noted previously, the United States Court of Appeals for the Third Circuit has required that a state prisoner first attempt to obtain state court review, before proceeding in federal court under 28 U.S.C. § 2254. See, e.g., Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). If Petitioner could still present his unexhausted federal claims (issues three through six) to the state courts, the petition would be dismissed without prejudice so that he could pursue these claims through a new PCRA petition. However, the time for presenting the issues to the state court in another PCRA has expired. See 42 Pa.C.S.A. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final . . . .")

The Pennsylvania state courts have made it clear that the time limitations set forth in the PCRA are jurisdictional. Commonwealth v. Fahy, 737 A.2d 214, 222 (1999); Commonwealth v. Banks, 726 A.2d 374, 376 (1999). "Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute. Thus, the filing period is only extended as permitted; in the case of the PCRA, the time limitations are extended upon satisfaction of the exceptions found in § 9545(b)(1)(i)-(iii) . . . ." Fahy, 737 A.2d at 222. An otherwise untimely petition may nevertheless be considered if the petition alleges, and the petitioner proves, that:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim

>> in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section has been held by that court to apply retroactively.

42 Pa. C. S. A. § 9545(b)(1)(i)-(iii). None of these exceptions is available to Petitioner.

Since Petitioner raised all of the present claims in his amended PCRA, and all but two were abandoned in his appeal to the Superior Court (See Doc. 11, Part 1, at 15-17, Opinion of the Pennsylvania Superior Court dated September 18, 2002), he is unable to argue that he was precluded by governmental interference, or that the issues were previously unknown. The third exception is similarly unavailable to Petitioner, because he can not successfully argue that "the right[s] asserted [are] constitutional right[s] that [were] recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa. C. S. A. § 9545(b)(1)(iii).

When claimants fail to fairly present their claims to the state courts, but state procedural rules bar further relief in state courts, the applicants are considered to have procedurally defaulted their claims, and federal courts may not consider the merits of such claims unless the applicant establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the default. 28 U.S.C. § 2254(b); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); see also Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). Petitioner has not alleged cause or prejudice, nor has he alleged his

actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of justice. Consequently, the Petitioner is precluded from pursuing federal habeas corpus relief in regard to issues three through six, and the Court will limit review of the merits to issues one and two.

### B.  Scope of Habeas Review.

The Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, Title I, sec. 104, 110 Stat. 1214 (1996) ("AEDPA"), revised the standard of review for cases challenging state convictions pursuant to 28 U.S.C. § 2254. Dickerson v. Vaughn, 90 F.3d 87, 89 (3d Cir. 1996). Section 2254(d), as amended, states as follows:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> 28 U.S.C. § 2254.

Addressing the "contrary to" provision contained in Section (d)(1), the Third Circuit Court of Appeals has stated:

> [T]he inquiry must be whether the Supreme Court has established a rule that determines the outcome of the petition. Accordingly, we adopt O'Brien's holding that "to obtain relief at this stage, a habeas petitioner must show that Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." In other

> words, it is not sufficient for the petitioner to show merely that his
> interpretation of Supreme Court precedent is more plausible than the
> state court's; rather, the petitioner must demonstrate that Supreme
> Court precedent requires the contrary outcome.

Matteo v. Superintendent, 171 F.3d 877, 888 (3d Cir. 1999) (referencing O'Brien v. Dubois, 145 F.3d 16, 24-25 (1st Cir. 1998)). To determine whether the state court judgment involved an "unreasonable application" of clearly established federal law, this Court must determine:

> whether the state court's application of Supreme Court precedent was
> objectively unreasonable. The federal habeas court should not grant
> the petition unless the state court decision, evaluated objectively and
> on the merits, resulted in an outcome that cannot reasonably be
> justified under existing Supreme Court precedent . . . . The primary
> significance of the phrase "as determined by the Supreme Court of the
> United States" is that federal courts may not grant habeas corpus relief
> based on the state court's failure to adhere to the precedent of a lower
> federal court on an issue that the Supreme Court has not addressed.
> Thus in certain cases it may be appropriate to consider the decisions of
> inferior federal courts as helpful amplifications of Supreme Court
> precedent.

Matteo, 171 F.3d at 889-890.

Further, the Court notes that under the AEDPA, factual determinations made by the state courts are presumed correct, and it is the Petitioner's burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254 (e)(1). "[T]he factual conclusions which the federal habeas courts [are] bound to respect in assessing respondent's constitutional claims [are] . . . the finding[s] of the trial court . . . and the inferences fairly deducible from those facts." Marshall v. Lonberger, 459 U.S. 422, 435 (1983). Petitioner claims that trial counsel was constitutionally ineffective under the standard established by the United States Supreme Court for such representation.

**C. Ineffective Assistance of Counsel.**

9

Petitioner claims that trial counsel was ineffective for failing to adequately advise the consulting psychologist of Petitioner's medications, and for failing to raise an insanity defense. In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court determined that the proper standard for attorney performance is that of reasonably effective assistance. Id. at 687. "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689 (citations omitted). To succeed, Petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687-688, 694.

Petitioner argues that "[g]uilty plea counsel was ineffective in failing to inform my psychologist of my mental, physical condition; that I was on prescription medications, and failed to present an insanity defense." (Doc. 1 at 10.) At the time of the offense, Petitioner suffered from Crohn's Disease for which he was taking Ativan, Roxicet, and several other prescription medications to manage his pain. He asserts that the medication adversely affected his mental capacity at the time of the attack. Although counsel had consulted with a psychologist (Dr. Chambers) to explore the feasibility of an insanity defense, the Dr. concluded that the evidence could not support such a defense. However, counsel failed to inform Dr. Chambers of the medication Petitioner was taking, and Petitioner claims that if Dr. Chambers had known of the medication, his conclusion would have been different.

10

In considering this issue, the Pennsylvania Superior Court employed the following standard, which follows Strickland:

> In order to succeed on a claim of ineffective assistance of counsel, a petitioner must establish that: (1) his claim of counsel's ineffectiveness has merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) counsel's error prejudiced the petitioner.

(Doc. 11, Part 1 at 19.) (citation omitted).

Dr. Chambers testified at the PCRA hearing, and his testimony supports the Superior Court's conclusion that knowledge of Petitioner's medications would not have altered his analysis of the insanity defense. While Dr. Chambers testified that counsel had not informed him of Petitioner's medication, Petitioner was not prejudiced by the omission. When asked whether knowledge that Petitioner was taking "quantities of Ativan, Prednisone and Percocet or Rixocet, at the time of the incident, might have change[d] [his] opinion . . . as to the validity of an insanity defense," Dr. Chambers stated that the "amounts that would be needed of those drugs . . . to really make someone psychotic would be extreme, so if someone were taking excessive amounts of all of those things at one time . . . they would pass out or die before they would hallucinate . . . ." (Doc. 11, Part 1 at 95-96.)[2] Thus, the Superior Court concluded that Dr. Chambers' opinion on the non-viability of an insanity defense would not have changed with knowledge of the medications, that Petitioner was not prejudiced by counsel's conduct related to the defense, and therefore counsel was not ineffective on the insanity defense issue.

After review of the record, the Court is unable to conclude that the state court's

---

[2] Moreover, Petitioner conceded himself that he did not believe that the medications had an effect on his thinking or behavior on the day of the assault. (See Doc. 11, Part 2 at 39.)

determination was erroneous, and counsel's representation fell below an objectively reasonable standard.  The Petitioner has not established that the state court conclusions resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  Nor has he established that the proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  To the contrary, there is ample evidence in the record to support the state courts' conclusion.  Consequently, the petition will be denied as to this claim.

### D.  Unlawfully Induced Guilty Plea.

Petitioner also claims that plea counsel was ineffective "in advising [him] to reject a plea offer and have a hearing solely on the issue of whether or not [the victim] had suffered serious bodily injury."  (Doc. 1 at 9.)  Although most ineffective assistance claims arise from counsel's performance in trial or on appeal, the principles set forth in Strickland also apply to counsel's performance in the context of a guilty plea.  Weeks v. Snyder, 219 F.3d 245, 257 (3d Cir. 2000).  While the standard for deficient performance remains the same, "in a guilty plea case the standard for prejudice 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'"  Id.  (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  Again, there is ample evidence in the record to support a conclusion that plea counsel adequately explained the terms and merits of the plea offered by the prosecution.  Trial counsel explained the advantages and disadvantages of the plea, he discussed the guideline range for the charge to which he would plead, he showed Petitioner the statutory definition in the Crimes Code of an essential element ("serious

bodily injury") of the charge against him, and he explained the fact that the other charges would be dropped as a result of the plea agreement. (Doc. 11, Part 2 at 56-58) "This was all explained to Mr. Asbury, and Mr. Asbury made a decision based on that information to [reject the plea]." (Id.)

Again, the Court is unable to conclude that the state court's determination was erroneous, or that counsel's representation fell below an objectively reasonable standard. The Petitioner has not established that the state court conclusions resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States. Nor has he established that the proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. To the contrary, there is ample evidence in the record to support the state court's conclusion. Trial counsel did not fail to adequately explain the terms and merits of the plea. Consequently, the petition will be denied as to this claim as well. An appropriate Order follows.

**IV.**     **Order**

**AND NOW,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealability.

          S/ Yvette Kane  
          YVETTE KANE  
          United States District Judge

Dated: March 17, 2006.